## FELDER v. DYE.

Circuit Court, Dade County.
April 29, 1952.
May 21, 1952.

Russell M. Yates, Robillard, Yates & Edwards, Miami Beach, for plaintiff.

Mark O'Quin, Carr & O'Quin, Miami, for defendant.

VINCENT C. GIBLIN, Circuit Judge.

Order, April 29: It has been made to appear to the court, in and by the affidavit of the plaintiff's attorney, that the execution issued herein was placed in the hands of the sheriff of Dade County, Florida, that it has been returned unsatisfied and that it is valid and outstanding.

Accordingly, on the application of the plaintiff, it is ordered (a) that the defendant, Alberta Dye, who is a resident of Dade County, be, and she is, required to be and appear before the undersigned judge in his chambers in the courthouse of Dade County, at Miami, on May 20, 1952, at 9 o'clock in the forenoon, then and there to be examined concerning her property; (b) that this order shall be served on the defendant, at least 15 days before the time herein set for such examination, by the sheriff of Dade County, in the same manner provided for the service of a subpoena; (c) that at such examination either of the parties to this action may be examined as a witness in his or her own behalf and may produce and examine other witnesses as on the trial of an action; (d) that the clerk of this court be, and he is, authorized and directed to issue immediately a witness subpoena in and by which the attendance of Peggy Dye as a witness at such examination shall be required; and (e) that such clerk of this court be, and he is, authorized and directed to issue, on the application of either of the parties to this action, a subpoena or subpoenas in and by which the attendance of other witnesses at such examination shall be required.

This order is signed in duplicate so that one counterpart may be recorded immediately and the other counterpart delivered to the sheriff for service.

Order, May 21: This cause coming on to be heard in compliance with the court's order of April 29 for supplementary proceedings, and the court having heard the testimony of the defendant Alberta Dye and the witness Peggy Dye, it is ordered, adjudged and decreed:

That the defendant Alberta Dye, also sometimes known as Albertha Dye, is the owner of the fee simple title to the following described realty:

Lot 7, block 1 of Symmes Sherman Tract, according to the plat thereof recorded in plat book 9, page 170 of the public records of Dade County, Florida.

That the ownership of Alberta Dye is based on a warranty deed delivered by F. S. Symmes and wife in 1942 and recorded on the public records of Dade County in 1944.

That Alberta Dye executed a deed conveying the realty to Peggy Dye on March 28, 1952, recorded under clerk's file No. BB 34366 on the public records of Dade County.

That the conveyance above recited was made without consideration to Peggy Dye, whom the court finds from the testimony to be the mother of Alberta Dye.

That said deed of conveyance from Alberta Dye to Peggy Dye is a nullity, void and of no legal force and effect to transfer title from Alberta Dye to Peggy Dye, and the court specifically finds that the title to the realty is now and has at all times since conveyance by deed in 1942 been vested in Alberta Dye, and the same is subject to levy and execution for any outstanding unsatisfied judgments of record now existing against Alberta Dye.